IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUPERTINO JURADO ROJO, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:11-cv-2968-BN |
| BURGER ONE LLC and CHRIS SRIVARODOM, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Burger One LLC and Chris Srivarodom have filed a Motion for Leave to File Amended Answer to Plaintiff Cupertino Jurado Rojo's Complaint. *See* Dkt. No. 53.

On November 8, 2011, Srivarodom, then proceeding *pro se*, filed an answer on behalf of himself and Burger One that stated only that "Defendants pray that the court deny plaintiff's Complaint and for all other relief just and proper in the promises'[.]" Dkt. No. 7 at 1. The answer to Plaintiff Cupertino Jurado Rojo's complaint was stricken as to Burger One, because a corporation may only appear in federal court through a licensed attorney. *See* Dkt. No. 8.

On May 8, 2014, the Court appointed counsel to represent Srivarodom in all further proceedings in district court. *See* Dkt. No. 51.

Counsel now seeks to file an amended answer on behalf of Srivarodom and Burger One so that both defendants "may address the allegations asserted against

-1-

them by Plaintiff, assert additional affirmative defenses, and comply with the Federal Rules of Civil Procedure." Dkt. No. 53 at 2. Plaintiff has filed a response in opposition, *see* Dkt. No. 55, and Defendants have failed to file a reply, and the time to do so has passed.

Defendants have filed their motion after the deadline to seek leave to amend set forth in the Court's Scheduling Order expired. *See* Dkt. No. 15 at 1. When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536. Even under this more liberal standard, leave to amend is not automatic, *Jones v.*

*Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Financial Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

  Here, Defendants seek leave to amend now that they are represented by counsel and wish to better address the allegations asserted by Plaintiff, raise any applicable defenses, and more properly comply with the Federal Rules of Civil Procedure. The Court finds that Srivarodom has established good cause for failing to seek leave to amend prior to the expiration of the deadline set forth in District Judge Reed O'Connor's scheduling order. Srivarodom's failure to timely seek leave to amend his

answer was largely due to his *pro se* status and lack of knowledge necessary to assert any applicable defenses. His original answer, which stated simply that "Defendants pray that the court deny plaintiff's Complaint and for all other relief just and proper in the promises'[,]" Dkt. No. 7 at 1, suggests that amendment is particularly important for Srivarodom to address the allegations asserted against him, raise any affirmative defenses, and more fully comply with the Federal Rules of Civil Procedure. The Court does not believe that Plaintiff will be unduly prejudiced by such amendment, particularly because the Court has recently granted the Unopposed Motion to Extend Pending Deadlines and Continue Trial Date. *See* Dkt. Nos. 56 & 57. Srivarodom has therefore satisfied Rule 16(a)(4)'s good cause standard.

Moreover, Plaintiff has not established that there is substantial reason to deny leave to amend as to Srivarodom under Rule 15(a)'s more liberal standard for amendment. Plaintiff's concerns that the previously-set August 18, 2014 trial date compels the finding that "it is simply too late to amend the pleadings at this point" and that he has not had the opportunity to conduct discovery on any affirmative defenses or new factual issues are largely rendered moot by the Court's recent Amended Order Setting Case for Trial. The possibility that discovery will have to be reopened and cannot reasonably completed prior to the trial date is not a "substantial reason" to deny leave to amend, especially because there remain four months before trial. The Court finds that Srivarodom has established that he should be permitted to file an amended answer.

The Court determines that leave to amend the answer by Defendant Burger One

LLC is premature. The Court struck Burger One's answer for failure to appear through counsel. *See* Dkt. No. 8 at 1. The Court then ordered Plaintiff to move for default judgment against Burger One, *see* Dkt. No. 10 at 1, and the clerk entered a default against Burger One, *see* Dkt. No. 13. The Court then ordered Plaintiff to file a motion for default judgment or voluntarily dismiss Burger One on or before March 6, 2013, or the case would be dismissed. On March 4, 2013, Plaintiff filed his Motion for Default Judgment. *See* Dkt. No. 19. Burger One did not appear through counsel or file a response, so the Court granted Plaintiff's motion for default judgment and found that Plaintiff is entitled to judgment against Burger One in the amount of $32,302.40 as damages as well as attorneys' fees and expenses to be determined at a later date. Dkt. No. 35. A separate judgment has not been entered against Burger One.

The Court has now appointed counsel for Defendant Srivarodom. *See* Dkt. No. 51. But, even if Srivarodom's appointed counsel intends to voluntarily or through some other arrangement make an appearance to also represent Burger One, the default entered against Burger One has not been set aside.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). In a relevant discussion in an unpublished opinion, the United States Court of Appeals for the Fifth Circuit has explained that "Rule 55(c) makes no reference to a party's answer and cannot be read to prohibit a party in default from filing a proposed answer," that "[a] proposed answer can usefully detail the defaulting party's allegedly meritorious defenses," and that "[t]hose points will support the movant's argument that there is good cause to set aside

the entry of default." *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). But, in an earlier published decision, the Fifth Circuit explained that, where "[defendant] has defaulted, he must succeed in setting aside the default before he will be permitted to respond to the motion for summary judgment" and that, "[o]nly if a Rule 55(c) motion is made, and granted, will [defendant] be allowed to file an answer or a response to the summary judgment motion." *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 143-44 (5th Cir. 1996).

The Court need not reconcile these apparently competing, if not conflicting, authorities here. The most that either of these decisions would permit Burger One to do is file a "proposed answer." And the Court finds that such a filing, standing alone, is premature and would be unhelpful prior to counsel's filing a notice of appearance for Burger One and Burger One's filing a motion to address the default and the order granting a motion for default judgment entered against it. Until that time – although a proposed answer may be appropriately filed as an exhibit to a motion to set aside a default, for the reasons that the *Jefferson* decision suggests – the Court will not permit Burger One to file any amended pleadings. To date, Burger One has not sought to vacate or set aside the default. Accordingly, it would be premature and procedurally improper to permit Burger One to amend the answer that was previously stricken from the Court record.

For these reasons, the Court GRANTS Defendant Chris Srivarodom's Motion for Leave to File Amended Answer [Dkt. No. 53] and DENIES WITHOUT PREJUDICE Defendant Burger One, LLC's Motion for Leave to File Amended Answer. Srivarodom

shall file an amended answer by **July 24, 2014**.

    SO ORDERED.

    DATED: July 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE