THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CUPERTINO JURADO ROJO, and** all others similarly situated under 29 USC 216(B)     Plaintiff, v.  **BURGER ONE LLC, and CHRIS SRIVARODOM**     Defendants. | § § § § § § § § § § | **CIVIL ACTION NO. 3:11-cv-02968-BN** |

## DEFENDANT CHRIS SRIVARODOM'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Chris Srivarodom ("Defendant") through his counsel, Robert E. Sheeder of Bracewell & Giuliani, 1445 Ross Avenue, Suite 3800, Dallas, Texas 75202, and files his *Amended Answer to Plaintiff's Complaint* ("Answer"), and respectfully state as follows:

### FIRST DEFENSE

*Plaintiff's Complaint* ("Complaint") fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant makes the following responses to the respective numbered allegations set forth in the Complaint.

1.      Defendant admits only that Plaintiff Cupertino Jurado Rojo ("Plaintiff") seeks damages for alleged violations of the Fair Labor Standards Act 29 U.S.C. §§201-216, but denies Plaintiff is entitled to such damages or relief or that there is any factual basis for his claims. Defendant denies each and every remaining allegation set forth in Paragraph 1 of the Complaint.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 2 of the Complaint and, accordingly, it is denied.

3. Defendant admits that personal jurisdiction in this case is proper, but denies there is any factual or legal merit to Plaintiff's claims. Defendant denies each and every other allegation set forth in Paragraph 3 of the Complaint.

4. Defendant admits only that venue is proper in the Northern District of Texas, but denies there is any factual or legal merit to Plaintiff's claims. Defendant denies each and every other allegation set forth in Paragraph 4 of the Complaint.

5. Defendant admits that this case is brought pursuant to 29 U.S.C. §216(b), but denies there is any factual or legal merit to Plaintiff's claims. Without admitting the legitimacy of it, Defendant also admits that Plaintiff alleges in his Complaint that several other employees of Burger One have not been paid overtime or minimum wages in accordance with the Fair Labor Standards Act, 29 U.S.C. §216(b), but denies that there is any merit to his claims and allegations as a matter of fact or law. Defendant denies each and every other allegation set forth in Paragraph 5 of the Complaint.

6. Defendant admits only that this action arises under 29 U.S.C. §216(b). Defendant denies each and every other allegation set forth in Paragraph 6 of the Complaint.

7. Defendant admits that personal jurisdiction in this case is proper, but denies there is any factual or legal merit to Plaintiff's claims. Defendant also admits that the action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-219, but again denies there is any factual or legal merit to such claims. Defendant denies each and every other allegation set forth in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 10 of the Complaint and, accordingly, it is denied.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendant specifically denies Plaintiff's allegations that he willfully and intentionally refused to pay Plaintiff's overtime wages as required by law. Defendant denies each and every other allegation set forth in Paragraph 14 of the Complaint.

With respect to Plaintiff's Prayer for Relief, Defendant admits that Plaintiff requests double damages and reasonable attorney fees. Defendant also admits that Plaintiff requests a jury trial, but denies that there is any merit to his claims as a matter of law or fact. Defendant denies each and every other allegation set forth in Plaintiff's Prayer for Relief in the Complaint.

Except where expressly admitted above, Defendant denies each and every allegation set forth in Plaintiff's Complaint.

### THIRD DEFENSE

Plaintiff's claims and those of the purported class are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and ratification.

## FOURTH DEFENSE

Plaintiff's claims and those of the purported class should be dismissed, in whole or in part, because any monies owed by Defendant to Plaintiff and/or the purported class have been paid or otherwise satisfied.

## FIFTH DEFENSE

All of the actions taken by Defendant, with regard to Plaintiff and the members of the purported class were taken in good faith and there were reasonable grounds for Defendant to believe his actions were in conformity with applicable law, and Defendant did not act willfully, recklessly or maliciously.

## SIXTH DEFENSE

Plaintiff's claims and those of the purported class must be dismissed because the weekly wages paid to them by Defendant, regardless of the compensability of the disputed activity, meet the minimum wage and overtime requirements of the Fair Labor Standards Act.

## SEVENTH DEFENSE

Plaintiff's claims and those of the purported class must be dismissed because of the dissimilarities among the putative class members makes this case unsuitable for collective treatment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT Chris Srivarodom requests that Plaintiff take nothing by way of his actions, that such actions by Plaintiff be dismissed with prejudice, that DEFENDANT recovers all damages, costs of litigation, including attorneys' fees,

costs and expenses, pre-judgment and post-judgment interest, and for such other and further relief, both at law and in equity, to which DEFENDANT may be justly entitled.

        Respectfully submitted,

        **BRACEWELL & GIULIANI LLP**

        */S/ Robert E. Sheeder*
        Robert E. Sheeder, attorney-in-charge
        Texas Bar No. 18174300
        Robert.Sheeder@bgllp.com

        1445 Ross Avenue, Suite 3800
        Dallas, Texas 75202
        Telephone: (214) 758-1055
        Facsimile: (214) 758-8340

        **ATTORNEY FOR DEFENDANT**
        **CHRIS SRIVARODOM**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of July, 2014, I electronically filed a true and correct copy of this document using the Court's Electronic Case Filing System ("ECF"), pursuant to Northern District of Texas Local Rule 5.1(e). As such, this document was served on all counsel who have registered with the ECF. See N.D. Tex. L.R. 5.1(d).

        */s/ Robert E. Sheeder*
        Robert E. Sheeder