IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUPERTINO JURADO ROJO and all others similarly situated under 29 U.S.C. 216(b), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:11-cv-2968-BN |
| BURGER ONE LLC and CHRIS SRIVARODOM, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

The Court now, after notice and a show cause hearing, imposes sanctions on Defendant Chris Srivarodom under Federal Rule of Civil Procedure 16(f) in the form of an order striking his Amended Answer to Plaintiff's Complaint [Dkt. No. 59], rendering him in default and exposed to a default judgment against him on Plaintiff Cupertino Jurado Rojo's claims.

### **Background**

As for the status of Defendants Burger One LLC and Chris Srivarodom, the Court previously explained that

> [t]he Court struck Burger One's answer for failure to appear through counsel. *See* Dkt. No. 8 at 1. The Court then ordered Plaintiff to move for default judgment against Burger One, *see* Dkt. No. 10 at 1, and the clerk entered a default against Burger One, *see* Dkt. No. 13. The Court then ordered Plaintiff to file a motion for default judgment or voluntarily dismiss Burger One on or before March 6, 2013, or the case would be dismissed. On March 4, 2013, Plaintiff filed his Motion for Default Judgment. *See* Dkt. No. 19. Burger One did not appear through counsel or file a response, so the Court granted Plaintiff's motion for default

> judgment and found that Plaintiff is entitled to judgment against Burger One in the amount of $32,302.40 as damages as well as attorneys' fees and expenses to be determined at a later date. Dkt. No. 35. A separate judgment has not been entered against Burger One.

Dkt. No. 58 at 5 And the Court noted that "the default entered against Burger One has not been set aside," *id.*, and later that "a LLC is not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court." Dkt. No. 126. But, at present, all that remains as to Burger One is to enter judgment against it on the Court's prior findings on the motion for default judgment – which has not been set aside or vacated.

But the Court has also explained that, because the "the Court granted Defendant's Unopposed Motion to Withdraw as Counsel [Dkt. No. 60], … Mr. Srivarodom will proceed in this lawsuit *pro se*. *See* Dkt. No. 60 at 1; Dkt. No. 61." Dkt. No. 64 at 1. As an individual, Mr. Srivarodom is permitted to proceed *pro se* in this action and has been doing so since his counsel withdrew and will do so going forward unless and until new counsel of record makes an appearance on his behalf. *See* 28 U.S.C. § 1654.

As the Court has noted, Mr. Srivarodom has violated two orders that the Court entered on March 26, 2020 and April 6, 2021, *see* Dkt, Nos. 119 & 121, requiring him to confer with Plaintiff's counsel and file joint status reports, *see* Dkt. No. 120 & 122.

The Court recently conducted a video teleconference status conference over Zoom on Tuesday, April 18, 2023 at 12:30 p.m. Central Time after ordering that Plaintiff Cupertino Jurado Rojo's counsel and Defendant Chris Srivarodom must

personally appear over Zoom and participate. *See* Dkt. No. 129. Rojo's counsel did so, but Mr. Srivarodom failed to appear. *See* Dkt. No. 130.

The Court also ordered Mr. Srivarodom to provide the Court (and Rojo's counsel) with an updated phone number at which Mr. Srivarodom can be reached and to do so by filing a status report with the Court by no later than the April 18, 2023 Zoom status conference. *See* Dkt. No. 129. Mr. Srivarodom has not filed the required information.

As the Court explained in its April 3, 2023 order, Federal Rule of Civil Procedure 16(f) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by [Federal Rule of Civil Procedure] 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate-or does not participate in good faith-in the conference; or (C) fails to obey a scheduling or other pretrial order. …. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(1)-(2).

Sanctions that Rule 37(b)(2)(A) authorizes the Court to order include "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; … (vi) rendering a default judgment against the disobedient party;

or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(ii)-(iv), (vi)-(vii).

The Court previously warned Mr. Srivarodom that, if he fails to comply with the requirements of the Court's April 3, 2023 order – after having failed to comply with the Court's orders in 2020 and 2021 – he will be subject to appropriate sanctions, including striking his Amended Answer to Plaintiff's Complaint [Dkt. No. 59] and rendering a default judgment against him on Plaintiff Cupertino Jurado Rojo's claims. *See* Dkt. No. 129.

The Court then ordered Mr. Srivarodom to appear for a hearing on Monday, May 1, 2023 at 2:00 p.m. Central Time in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242, to show cause why the Court should not, under Federal Rule of Civil Procedure 16(f), impose appropriate sanctions for Mr. Srivarodom's failing to comply with the two orders that the Court entered on March 26, 2020 and April 6, 2021, see Dkt, Nos. 119 & 121, and the requirements of the Court's April 3, 2023 order [Dkt. No. 129] – with such sanctions possibly including striking his Amended Answer to Plaintiff's Complaint [Dkt. No. 59] and rendering a default judgment against him on Plaintiff Cupertino Jurado Rojo's claims. *See* Dkt. No. 133. The Court explained that "Plaintiff Cupertino Jurado Rojo's counsel may attend and participate in this hearing telephonically, but Defendant Chris Srivarodom must appear and participate in person." Dkt. No. 133 at 3.

The Court held the show cause hearing, and Plaintiff Cupertino Jurado Rojo's counsel attended and participated telephonically, but Mr. Srivarodom failed to appear or otherwise contact the Court or Plaintiff's counsel. *See* Dkt. No. 134.

## Legal Standards and Analysis

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). When considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt or a default judgment, may prove effective. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Rule 16(f)(2) further provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule." FED. R. CIV. P. 16(f). But the Court will not award fees and expenses under Rule 16(f) if the failure or noncompliance "was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule 16(f)'s text itself makes this clear. Rule 16(f) also does not require a showing of prejudice to justify sanctions. *See John v. La.*, 899 F.2d 1441, 1448 (5th Cir. 1990). But, under Rule 16(f), the extreme sanction of a default judgment requires "a clear record of delay or contumacious conduct by the" party to be sanctioned. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997).

Here, Defendant Chris Srivarodom has violated several court orders over the course of three years. His failure to participate in this case and appear for hearings has delayed and halted the case's progress. After several years of cooperating with opposing counsel, he stopped communicating with Plaintiff's counsel, and neither Plaintiff's counsel nor the Court have been able to contact him for several years. After years of defending the case pro se and briefly with counsel, Mr. Srivarodom's failure to engage in the case or make himself available to the Court and Plaintiff's counsel cannot be said to result from any honest confusion or sincere misunderstanding of the Court's orders, and the blame for disregard of the Court's order lies not with any attorney but rather with Mr. Srivarodom himself.

Mr. Srivarodom's disappearing from this case, as a practical matter, amounts to a refusal to comply with the Court's orders and – although as a defendant and not the plaintiff charged with pressing his case – reflects a significant period of total inactivity and a stubborn resistance to authority. And it has substantially prejudiced Plaintiff's ability to develop and prepare his case for trial.

Under these circumstances, lesser sanctions would be futile here, and a lesser sanction would not serve the interests of justice, where the Court is not required to delay the disposition of this case until such time – if ever – as Mr. Srivarodom decides to obey the Court's orders or contact the Court.

As the Court has warned in its recent orders, the Court determines that the appropriate sanctions suited to the circumstances are striking Mr. Srivarodom's Amended Answer to Plaintiff's Complaint [Dkt. No. 59], which places Defendant

Chris Srivarodom in default and exposes him to a default judgment against him on Plaintiff Cupertino Jurado Rojo's claims.

## Conclusion

The Court orders that Defendant Chris Srivarodom's Amended Answer to Plaintiff's Complaint [Dkt. No. 59] be stricken from the docket and directs the Clerk of Court, under Federal Rule of Civil Procedure 55(a), to enter default against Defendant Chris Srivarodom.

The Court further directs Plaintiff to move, by no later than **Wednesday, May 24, 2023**, for default judgment against Defendant Chris Srivarodom.

The Clerk of the Court is directed to serve a copy of this order on Defendant Chris Srivarodom by mail and email to the addresses listed on the docket in this case.

SO ORDERED.

DATED: May 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE