IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUPERTINO JURADO ROJO and all others similarly situated under 29 U.S.C. 216(b), § § § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:11-cv-2968-BN | |
| § § | | |
| BURGER ONE LLC and CHRIS SRIVARODOM, § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cupertino Jurado Rojo has filed a Motion for Attorneys' Fees and Costs under 29 U.S.C. § 216(b). *See* Dkt. No. 143. No response was filed.

For the reasons explained below, the Court grants in part and denies in part Rojo's Motion for Attorneys' Fees and Costs [Dkt. No. 143].

### Background

Prior orders have documented the background of this case. *See* Dkt. Nos. 35 & 140.

Cupertino Jurado Rojo filed his complaint in this court against Defendants Burger One LLC and Chris Srivarodom alleging violations of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1.

In 2013, the Court granted in part and denied in part Rojo's motion for default judgment against Burger One LLC. *See* Dkt. No. 35. All that remains as to Burger

One is to enter judgment against it on the Court's prior findings on the motion for default judgment – which has not been set aside or vacated.

And most recently, the Court granted Rojo's motion for default judgment against Chris Srivarodom. *See* Dkt. No. 140.

And, so, Burger One and Srivarodom are jointly and severally liable for paying Rojo's total damages of $32,302.40, which includes liquidated damages. *See* Dkt. No. 140 at 15

Rojo now seeks reasonable attorneys' fees and costs of court under 29 U.S.C. § 216(b). He also seeks to collect post-judgment attorneys' fees incurred in collecting the default judgment.

**Legal Standards**

"Under the FLSA, an employer who violates the statute is [ ] required to pay attorney[s'] fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees. *See* 29 U.S.C. § 216(b).")).

"This Court uses the 'lodestar' method to calculate attorneys' fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the

number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

### I.   Attorneys' Fees

As a threshold matter, Rojo is a prevailing party under 29 U.S.C. § 216(b) because this Court has found that Burger One and Srivarodom are jointly and severally liable for Rojo's total damages of $32,302.40, which includes liquidated damages. *See* Dkt. No. 140 at 15; *see also Buckhannon Bd. & Care Home, Inc. v. W.*

*Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (The "prevailing party" for purposes of awarding reasonable attorneys' fees under fee-shifting statutes is one who has been awarded some relief by the court.).

And, so, Rojo is entitled to recover his reasonable attorneys' fees and costs from Defendants.

Rojo seeks recovery of $25,015.50 in attorneys' fees for 62.5 total hours of work performed by attorney Robert Manteuffel at an hourly rate of $390 and attorney Jamie H. Zidell at an hourly rate of $425. *See* Dkt. No. 143 at 3.

Mr. Manteuffel and Mr. Zidell performed 44.2 and 18.30 hours of work, respectively. *See id.* at 3-4.

Considering the evidence and approvals of similar rates submitted by Rojo's counsel, these rates are reasonable and within the market rates for attorneys handling this type of litigation in the Dallas area. *See Lopez v. Fun Eats & Drinks, LLC,* No. 3:18-cv-1091-X-BN, 2023 WL 4551576, at *5 (N.D. Tex. June 28, 2023) (finding hourly rates between $375 and $475 reasonable in FLSA case); *see also Mancia v. JJ Chan Food, Inc.*, No. 3:12-cv-2467-L (BF), 2016 WL 4468092, at *2 (N.D. Tex. June 21, 2016) (finding Mr. Manteuffel's rate of $390 per hour and Mr. Zidell's rate of $360.23 per hour reasonable).

Rojo's counsel's billing records and supporting documentation include a narrative description of the work done and the number of hours that it took to complete the work. *See* Dkt. Nos. 143-1 & 143-2. Rojo's counsel asserts that "significant portions" of the 62.5 hours of attorneys' time in this case, which was filed

in 2011, were "related to conferring with Defendants and filing status reports regularly, as well as obtaining entry of the final default judgment." Dkt. No. 143 at 8.

Having reviewed the billing records and supporting documentation, the time spent handling the various tasks in this matter as described was reasonable.

And, so, the Court finds that the appropriate lodestar here to be calculated as 44.2 hours for work performed by Mr. Manteuffel at a rate of $390 per hour and 18.30 hours for work performed by Mr. Zidell at a rate of $425 per hour for a total of $25,015.50.

Rojo does not seek an enhancement of the attorneys' fees and there are no other exceptional circumstances. The Court has also considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

And, so, the Court awards Rojo his attorneys' fees in the lodestar amount of $25,015.50.

## II. Costs and Related Nontaxable Expenses

Rojo seeks $515.00 in costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See id.* at 10.

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Under Section 1920, the Court may tax as costs the following:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials

> where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.

28 U.S.C. § 1920.

And, "[i]n addition to the taxable costs listed under 28 U.S.C. § 1920, Texas District Courts have also determined that [additional] costs are ... appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Castro v. Precision Demolition LLC*, No. 3:15-cv-213-D, 2017 WL 6381742, at *10 (N.D. Tex. Dec. 14, 2017) (cleaned up).

"Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Hilton v. Exec. Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (cleaned up).

Rojo seeks to recover his filing and service of process fees. *See* Dkt. No. 143 at 10.

Rojo is entitled to the $350.00 filing fee under Section 1920(1).

As for the service of process fees, "the United States Court of Appeals for the Fifth Circuit has held that, 'absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920,'" *Harris v. Dallas Cty. Hosp. Dist.*, No. 3:14-cv-3663-D, 2016 WL 8674685, at *2 (N.D. Tex. Aug. 5, 2016) (quoting

*Marmillion v. Am. Intern. Ins. Co.*, 381 Fed. Appx. 421, 431 (5th Cir. 2010) (unpublished)).

But the service of process fees are appropriate related nontaxable expenses to award under Section 216(b). *Accord Lopez*, 2023 WL 4551576, at *6; *Mancia*, 2016 WL 4468092, at *4.

And, so, Rojo is also entitled to the $165 in fees incurred for serving process on Defendants.

### III. Post-Judgment Attorneys' Fees in Collection of Default Judgment

Rojo seeks to collect post-judgment attorneys' fees incurred in collecting the default judgment. *See* Dkt. No. 143 at 13.

In support of this, Rojo cites a case from the Southern District of Florida allowing recovery of post-judgment attorneys' fees under the FLSA. *See DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550 (S.D. Fla. Jan. 6, 2009).

The court in *DiFrancesco* pointed to other courts that had awarded post-judgment collection fees in cases involving other federal statutes and found their applied reasoning "equably applicable" to the FLSA. *DiFrancesco*, 2009 WL 36550, at *4-5 (citing *Free v. Briody,* 793 F.2d 807 (7th Cir. 1986) (awarding fees in Employee Retirement Income Security Act [ERISA] case); *Nunez v. Interstate Corporate Systems,* 165 Ariz. 410, 799 P.2d 30, 31 (Ariz. App. 1990) (awarding fees in a Fair Debt Collection Practices [FDCPA] case)).

But whether a plaintiff may recover attorneys' fees for collecting on a default judgment is not settled under Fifth Circuit law. And, absent binding law or persuasive authority from other district courts in this Circuit, the Court declines to extend the court's holding in *DiFrancesco* to the instant case.

And, so, the Court denies Rojo's request for post-judgment attorneys' fees incurred in collecting the default judgment.

## Conclusion

The Court grants in part and denies in part Rojo's Motion for Attorneys' Fees and Costs [Dkt. No. 143] and awards Rojo $25,015.50 for his attorneys' fees and $515.00 for his costs and related nontaxable expenses under Section 216(b).

The Court will enter a separate judgment against both defendants.

SO ORDERED.

DATED: March 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE